ATLANTIC CONTRACTING, INC.,

v.

INTERNATIONAL FIDELITY
INSURANCE COMPANY.

Civil Action No. 97–CV–2728.

United States District Court,
E.D. Pennsylvania.

Feb. 28, 2000.

Paul A. Logan, Powell, Trachtman, Logan, Carrle, Bowman & Lombardo, King of Prussia, PA, for Plaintiff.

Robert T. Carlton, Ellsworth, Carlton & Waldman, Philadelphia, PA, for Defendant.

### SUPPLEMENTAL DECISION

JOYNER, District Judge.

This case is once again before this Court pursuant to the June 30, 1999 Opinion of the U.S. Court of Appeals for the Third Circuit affirming in part and remanding in part our Decision of April 14, 1999. On that date, following a brief non-jury trial, this Court found in favor of the plaintiff and against the defendant, adopted the plaintiff's proposed factual findings and legal conclusions and entered judgment against the defendant in the sum of $57,-015.10 as the amount owed under a payment bond issued to Dadonna, Inc. for unpaid labor furnished by plaintiff on Dadonna's behalf on a school reconstruction project in the Whitehall–Copley School District in Lehigh County, Pennsylvania. Specifically, the Third Circuit affirmed our finding that International was obligated to pay the labor costs to plaintiff but remanded this case for the making of appropriate findings of fact and conclusions of law on the sole issue of whether Atlantic Contracting failed to mitigate its damages. Accordingly, we now enter the following:

### Supplemental Findings of Fact

1. At all times relevant to these proceedings, Dadonna, Inc. was a Pennsylvania Corporation engaged in the construction business as an excavating and site utility contractor primarily on public projects in the Lehigh Valley area. The principals and sole shareholders in Dadonna, Inc. were Anthony Dadonna and his son, Anthony Dadonna, III. (N.T. 6).

2. Atlantic Contracting, Inc. is a Pennsylvania Corporation which, like Dadonna, Inc., is engaged in the construction business as an excavating and site utility contractor primarily on public projects in the area of the Lehigh Valley. The principals and sole shareholders of Atlantic Contracting, Inc. are Donald Dadonna and Frank Dadonna, the brothers of Anthony Dadonna. (N.T. 5).

3. On or about March 15, 1996, Atlantic Contracting entered into an agreement

with Dadonna, Inc. whereby Atlantic would furnish labor to enable Dadonna, Inc. to fulfill its contractual obligations to the Whitehall Coplay School District and complete a renovation project at the Whitehall Middle School. Under the agreement between Atlantic and Dadonna, the labor was to be provided at Atlantic's cost plus 10% for profit and overhead. (N.T. 7–10, 22).

4. In furtherance of this agreement, Atlantic hired additional laborers, all of whom were former employees who had been laid off by Dadonna. (N.T. 11–13, 17–19).

5. Between April 6 and September 23, 1996, Atlantic supplied labor to the Whitehall Middle School project and billed Dadonna, Inc. monthly for the services provided. (Exhibit P–8; N.T. 25–34).

6. Dadonna, Inc. has not paid any of Atlantic's labor invoices. (N.T. 19–20, 30).

7. Dadonna, Inc. went out of business in late 1996. (N.T. 34).

8. Although under its agreement with Dadonna, Atlantic was to be paid monthly or within thirty days of the invoice date, it is not uncommon in the construction business to have to wait anywhere from 90 to 120 days for payment. (N.T. 29–30).

9. At the time that the plaintiff entered into its contract with Dadonna, Inc., it was aware that Dadonna, Inc. was experiencing financial difficulties and that it was due to these financial difficulties that it had been forced to lay off much of its workforce. At this same time, however, Anthony Dadonna assured his brother Donald that his company was in the process of re-negotiating its line of credit and that he was confident that the new credit line would be approved and that the company would be able to fulfill its contractual and financial obligations. (N.T. 22–24).

10. In addition to filing claims under the payment bond which Dadonna, Inc. had with International Fidelity, plaintiff has secured a judgment against Dadonna, Inc. for the unpaid labor invoices and has attempted to obtain payment directly from the owners of the projects on which the work was performed. Atlantic has also investigated the possibility of seizing the assets and equipment of Dadonna, Inc. but has discovered that everything has apparently already been repossessed. (N.T. 19–21).

### Discussion

■■■■ In its Decision in *Koppers Co., Inc. v. Aetna Casualty and Surety Co.,* 98 F.3d 1440 (3rd Cir.1996), the Third Circuit has effectively provided a thorough synopsis of the law governing mitigation of damages in Pennsylvania. Specifically, that case states, in relevant part:

> As a matter of general contract law, the Pennsylvania Supreme Court has held that a plaintiff's duty to mitigate its damages arises upon the defendant's breach of the contract ... Mitigation is an affirmative defense, so the burden of proving a failure to mitigate is on the defendant .... (citations omitted). To prove a failure to mitigate, a defendant must show: (1) what reasonable actions the plaintiff ought to have taken, (2) that those actions would have reduced the damages, and (3) the amount by which the damages would have been reduced. *Citing, inter alia, Ecksel v. Orleans Construction Co.,* 360 Pa.Super. 119, 519 A.2d 1021 (1987); *State Pub. Sch. Bldg. Auth. v. W.M. Anderson Co.,* 49 Pa. Cmwlth. 420, 410 A.2d 1329 (1980).

98 F.3d at 1448.

■■■■ In this case, the defendant would have us find that the plaintiff failed to mitigate its damages because it knew or should have known as of June 30, 1996 that Dadonna was not going to pay its invoices. In that event, defendant contends, plaintiff's damages would have been capped at $19,501.54. Defendant submits that plaintiff should have so known because as of that date, Dadonna owed it a total of $127,-332.04 for the labor provided on the Whitehall Middle School and three other projects.

 

While Defendant's point is well-taken, unfortunately for Defendant, it offered no evidence to rebut the testimony of Atlantic's president, Donald Dadonna as to the usual and customary practice in the construction industry of waiting for upwards of 120 days for payment or as to the efforts which Atlantic undertook to secure payment on the judgment it secured against Dadonna, Inc. Defendant likewise offered no evidence as to what reasonable actions Atlantic ought to have taken to mitigate its damages, whether those actions would have reduced its damages and, if so, by what amount, as is required under Pennsylvania law. Accordingly, we can reach no other conclusion but that Defendant has failed to meet its burden of proving that the Plaintiff failed to mitigate its damages. In so doing, we now enter the following:

### Supplemental Conclusions of Law

1. This Court has jurisdiction over the subject matter and the parties to this action pursuant to 28 U.S.C. § 1332.

2. Plaintiff and Dadonna, Inc. entered into a valid agreement under which Plaintiff was to supply labor to Dadonna, Inc. for the Whitehall Middle School project at Plaintiff's cost plus 10%.

3. Plaintiff fulfilled its part of the agreement which it had with Dadonna, Inc. by supplying the necessary labor between April and September, 1996.

4. Under the payment bond which it had with Dadonna, Inc., Defendant was legally obligated to pay the costs of the labor supplied by Atlantic to Dadonna, Inc. when Dadonna, Inc. became unable to pay those costs itself.

5. Defendant has failed to meet its burden of proving that Plaintiff failed to mitigate its damages.

6. Defendant, pursuant to its obligations under the payment bond which it

had with Dadonna, Inc. owes Plaintiff the sum of $57,015.15.